JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JAMES COPPA

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)   (See instructions):

JUDGE _____    DOCKET NUMBER _____

Explanation:

DATE  3-16-11

SIGNATURE OF ATTORNEY OF RECORD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

James Coppa                                    :                    CIVIL ACTION

                           v.                  :

NCO Financial Systems, Inc.                    :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ⊠

3-16-11                 Craig Kimmel              James Coppa
_____         _____          _____
Date                    Attorney-at-law           Attorney for

215-540-8888            877-788-2864              Kimmel@creditlaw.com
_____         _____          _____
Telephone               FAX Number                E-Mail Address

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __500 Ridge Ave., Toronto, OH 43964__

Address of Defendant: __507 Prudential Rd., Horsham, PA 19044-2308__

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☑

Does this case involve multidistrict litigation possibilities?          Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. §1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Craig Kimmel__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __3-16-11__          __Craig Kimmel__          __57100__
                            Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3-16-11__          __Craig Kimmel__          __57100__
                            Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COPPA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JAMES COPPA ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

## INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person residing in Toronto, Ohio.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

PLAINTIFF'S COMPLAINT

## PRELIMINARY STATEMENT

11.   The   Fair   Debt   Collection   Practices   Act   ("FDCPA")   is   a
comprehensive statute, which prohibits a catalog of activities in connection with
the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq*. The FDCPA
imposes civil liability on any person or entity that violates its provisions, and
establishes general standards of debt collector conduct, defines abuse, and provides
for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the
FDCPA declare certain rights to be provided to or claimed by debtors, forbid
deceitful and misleading practices, prohibit harassing and abusive tactics, and
proscribe unfair or unconscionable conduct, both generally and in a specific list of
disapproved practices.

12.   In particular, the FDCPA broadly enumerates several practices
considered contrary to its stated purpose, and forbids debt collectors from taking
such action. The substantive heart of the FDCPA lies in three broad prohibitions.
First, a "debt collector may not engage in any conduct the natural consequence of
which is to harass, oppress, or abuse any person in connection with the collection
of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false,
deceptive, or misleading representation or means in connection with the collection
of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair
or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

3

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."   15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.   At all pertinent times hereto, Defendant was hired to collect a

consumer debt allegedly owed by Plaintiff.

16.     The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.     Beginning in December 2010 and continuing through January 2011, Defendant constantly and repeatedly placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

18.     Specifically, on December 21, 2010, at 11:18 a.m., Defendant called Plaintiff, leaving a voice mail message. See Exhibit A, Plaintiff's Call Log.

19.     On the following day, December 22, 2010, Defendant made two telephone calls to Plaintiff, at 10:57 a.m. and 12:04 p.m., leaving a voicemail message at 10:59 a.m. See Exhibit A.

20.     On the next day, December 23, 2010, Defendant again made two telephone calls to Plaintiff, at 2:00 p.m. and 3:32 p.m., leaving a voicemail message at 3:34 p.m. See Exhibit A.

21.     On Christmas Eve, December 24, 2010, Defendant made another telephone call to Plaintiff at 7:58 p.m. See Exhibit A.

22.     Two days later, on December 26, 2010, Defendant made three telephone calls to Plaintiff, 12:31 p.m., 3:55 p.m., and 3:56 p.m., leaving a voice mail message at 12:31 p.m. See Exhibit A.

23.     Then on December 28, 2010, Defendant made a telephone call to Plaintiff and left a voice mail message at 3:16 p.m. <u>See</u> Exhibit A.

24.     On the following day, December 29, 2010, Defendant made another telephone call to Plaintiff, leaving a voice mail message at 12:28 p.m. <u>See</u> Exhibit A.

25.     Then, on December 30, 2010, Defendant made a telephone call, leaving a voice mail message at 9:31 a.m. <u>See</u> Exhibit A.

26.     Most recently, on January 3, 2011, at 2:24 p.m., Defendant made a telephone call to Plaintiff.

27.     In response to the numerous and repetitive telephone calls from Defendant, on January 3, 2011, Plaintiff sent a request for validation of the debt and instructed Defendant to cease all communications with him via telephone. <u>See</u> Exhibit B, Plaintiff's January 3, 2011, letter to Defendant.

28.     To date, Defendant has failed to provide Plaintiff with written validation of the alleged debt.

29.     Defendant conducted its collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

30.     The FDCPA is a strict liability statute.  <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector

6

1    to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996);

2    <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding

3    unintentional misrepresentation of debt collector's legal status violated FDCPA);

4    <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

5        31.    The FDCPA is a remedial statute, and therefore must be construed

6    liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235

7    (W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts

8    interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d

9    1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA)

10   15 U.S.C §1601 <i>et seq.</i>, is a remedial statute, it should be construed liberally in

11   favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

12       32.    The FDCPA is to be interpreted in accordance with the "least

13   sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168

14   (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 107 (3rd Cir. 1991); <u>Swanson v.</u>

15   <u>Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA

16   was not "made for the protection of experts, but for the public - that vast multitude

17   which includes the ignorant, the unthinking, and the credulous, and the fact that a

18   false statement may be obviously false to those who are trained and experienced

19   does not change its character, nor take away its power to deceive others less

20   experienced." <u>Id.</u>   The least sophisticated consumer standard serves a dual

21   purpose in that it ensures protection of all consumers, even naive and trusting,

22   against deceptive collection practices, and protects collectors against liability for

23   bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at

24   1318.

25

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33.   Defendant violated the FDCPA based on the following:

    a.  Defendant violated §1692 of the FDCPA generally;

    b.  Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    c.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse or harass; and

    d.  Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt.

34.   As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, JAMES COPPA, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

    a.  Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

8

b. Statutory damages pursuant to the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES COPPA, demands a jury
trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 3-16-11          KIMMEL & SILVERMAN, P.C.


By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

9

PLAINTIFF'S COMPLAINT

www.ncosoo.com

NCO PHONE CAllS
MADE TO ME. 2010

WED DEC. 22ND 10:57 A.M - 12:04 P.M
Thur Dec. 23rD 2:00 P.M - 3:32 P.M
Fri. Dec. 24TH 7:58. P.M.
SUN. DEC. 26TH 3:55 P.M
SUN. Dec. 26TH 3:56 P.M.

VOICEMAILS
TUES. Dec. 21ST. 11:18. AM.
WED DEC. 22ND 10:59 A.M.
Thurs. DEC. 23RD. 3:34 P.M.
SUN DEC. 26TH 12:31 P.M
TUES DEC. 28TH 3:16 P.M.
WED Dec. 29TH 12:28 P.M.
Thur Dec. Dec. 30TH. 9:31 A.M.

FROM JIM COPPA -

*Growing Together Through Customer Satisfaction*

PLAINTIFF'S EXHIBIT
A
ALL-STATE LEGAL®

January 3, 2011

<u>SENT VIA US CERTIFIED MAIL</u>
<u>SENT VIA FACSIMILE (215-441-3171</u>)
NCO FINANCIAL SYSTEMS
507 Prudential Road
Horsham, PA 19044

RE: DEBT VALIDATION AND DEMAND
FOR CESSATION OF COMMUNICATIONS
JAMES COPPA
ACCOUNT No: JK4451

To Whom It May Concern:

PLEASE TAKE NOTICE that this letter will serves as formal <u>DISPUTE</u> of the debt and written request for <u>VALIDATION</u> of the alleged debt pertaining to the above-mentioned account number, pursuant to 15 U.S.C. § 1692 *et seq.*

Please provide me written validation of the debt, including but not limited to: 1) the name of the original creditor; 2) the address of the original creditor; and 3) a copy of the written agreement authorizing you to act.

FURTHER, I hereby demand that NCO FINANCIAL SERVICES including all of its agents and employees, <u>CEASE</u> any and all <u>COMMUNICATIONS</u> with me via telephone and only contact me via postal mail.

Sincerely,

*James Coppa* /SMY

James Coppa

